DORIS I. GILORMINI MERLE, demandante y recurrente, *v.* JUAN F. PUJALS AYALA, JOSÉ REXACH GARCÍA, ESGARDO LIZARDI, demandados y recurridos.

Número: R-85-167 Resuelto: 28 de junio de 1985

*Miguel Ángel Salicrup Cabello,* abogado de la recurrente; *Darío Padín Mimoso,* abogado de los recurridos.

El Juez Presidente Señor Trías Monge emitió la opinión del Tribunal.

La recurrente demandó a Juan H. Pujals y otros por daños sufridos en un accidente automovilístico. El señor Pujals le entregó a la recurrente dos cheques, montantes en total a $870, en alegado pago de los daños ocasionados. El cheque por la suma mayor, emitido a favor del señor Pujals y endosado por éste, expresaba: "Páguese a Doris I. Gilormini Merle en saldo total transacción daños accidente de 6/17/83 en Carretera 20 Km. 2.1, Guay. P.R." (E.N.P., pág. 14.) En presencia del señor Pujals, la recurrente tachó la frase "saldo total transacción daños" y añadió al dorso del cheque "Para el arreglo de ojalatería [*sic*], trasmición [*sic*], diferencial y [*sic*] in[s]talar componente". (E.N.P., pág. 14.)

Más de un año después el señor Pujals y los otros demandados solicitaron sentencia sumaria por entender que había habido "una transacción y pago en finiquito". (E.N.P., pág. 6.) La recurrente se opuso alegando que en presencia del señor Pujals ella aclaró que el pago no representaba el saldo total. El tribunal de instancia declaró con lugar la moción de sentencia sumaria y desestimó la demanda "por haber sido ya objeto de transacción y pago". (E.N.P., pág. 18.) La señorita Gilormini Merle recurrió a este foro y el 2 de mayo de 1985 dictamos orden de mostrar causa por la cual no debe revocarse la sentencia recurrida.

484

La parte recurrida ha comparecido y argumenta que este caso se rige por la doctrina de *accord and satisfaction* y que nuestra decisión en *A. Martínez & Co.* v. *Long Const. Co.*, 101 D.P.R. 830, 833 (1973), justifica la sentencia sumaria dictada.

 No nos detendremos a considerar si la doctrina de *accord and satisfaction*, importada a nuestro Derecho en 1943, debe gozar de continuada vigencia en Puerto Rico.(¹) Tanto bajo esa figura del Derecho común, como bajo figuras correspondientes del Derecho civil, se trabó en este caso una controversia de hecho no resoluble por el mecanismo de la sentencia sumaria. En *A. Martínez & Co.* v. *Long Const. Co.*, supra, sentamos el principio que no se puede aceptar un cheque en

---

(¹)En las primeras décadas de este siglo no se experimentó necesidad alguna, a pesar de la profusión de préstamos jurídicos que distinguió a aquellos años, de insertar en el cuerpo del Derecho civil la doctrina de *accord and satisfaction*, cuyas raíces se remontan a los primeros tiempos del Derecho común. Véanse: S. Williston, *Accord and Satisfaction*, 17 Harv. L. Rev. 459 (1904); F. B. Ames, *Specialty Contracts and Equitable Defences*, 9 Harv. L. Rev. 49, 54–56 (1895). En *Abarca Sanfeliz* v. *Bank of Nova Scotia*, 46 D.P.R. 931, 942 (1934), todavía este Tribunal expresaba dudas sobre la incorporación de esta doctrina a nuestro Derecho.

En *López* v. *South P.R. Sugar Co.*, 62 D.P.R. 238 (1943), fue que el Tribunal resolvió expresamente importar la doctrina. Dos razones motivaron su decisión, según se desprende de la sentencia. El Tribunal se sintió obligado por *City of San Juan* v. *St. John's Gas Co.*, 195 U.S. 510, 521 (1904), en que el Tribunal Supremo de Estados Unidos concluyó, *vi et armis*, que la doctrina de *accord and satisfaction* era parte del Derecho civil de España y Puerto Rico. El Tribunal Supremo de Puerto Rico quedó impresionado, en segundo término, por el hecho de que Luisiana, sin precepto legal que lo sancionase, hacía varios años que estaba aplicando la doctrina.

La base de ambas razones se ha desmoronado hoy. El Tribunal Supremo de Estados Unidos no es el intérprete máximo del Código Civil u otras leyes del Estado Libre Asociado de Puerto Rico. Las decisiones en el estado de Luisiana, con su Derecho civil tan intervenido por el común, tampoco poseen, en situaciones de este género, gran valor persuasivo.

*López* v. *South P.R. Sugar Co.*, supra, fue reafirmado luego, no obstante, en *A. Martínez & Co.* v. *Long Const. Co.*, 101 D.P.R. 830 (1973) y *H. R. Elec., Inc.* v. *Rodríguez*, 114 D.P.R. 236 (1983), factor de incuestionable importancia para el análisis en su día del papel, si alguno, que *accord and satisfaction* debe jugar en nuestro derecho.

pago total de una deuda, a la par que se intenta alterar unilateralmente su naturaleza expresando que se acepta como pago parcial. En el caso de autos se plantea la cuestión de hecho de si el señor Pujals aceptó, expresa o tácitamente, los cambios en el endoso efectuados en su presencia, asunto que debe ventilarse en juicio plenario.

*Se revocará la sentencia recurrida y se devolverá el caso a instancia para procedimientos ulteriores compatibles con esta opinión.*

Los Jueces Asociados Señores Rebollo López y Ortiz concurren en el resultado sin opinión.