**PONCE FEDERAL BANK, F.S.B., Plaintiff,**

v.

**The VESSEL "LADY ABBY", et al., Defendants.**

**Civ. No. 90–1093(PG).**

United States District Court, D. Puerto Rico.

Jan. 16, 1992.

Francisco A. Besosa, San Juan, P.R., Edda I. Rodríguez, Hato Rey, P.R., for plaintiff.

Miguel E. Miranda, San Juan, P.R., John M. García, Henry Vázquez, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiff, invoking the Court's subject-matter jurisdiction under the admiralty law of the United States, is hereby seeking to foreclose the mortgage on a vessel under the Ship Mortgage Act, 46 U.S.C. §§ 911–984. For the reasons that follow, the Court holds that plaintiff is entitled to such remedy.

### I. Statement of Facts

On December 22, 1988, codefendants Israel Santiago ("Santiago") and Abigail Rodríguez ("Rodríguez") signed a promissory note in the amount of $856,582.20 payable to the order of plaintiff, Ponce Federal Bank ("PFB"), in monthly installments of $4,758.79. Said amount evidenced a loan from PFB to Santiago and Rodríguez used by the latter for the purchase of the vessel LADY ABBY. Under the terms of the promissory note, failure by Santiago and Rodríguez to pay any of the installments would authorize PFB to collect the entire amount on the note.

On that same date, Santiago and Rodríguez executed and delivered to PFB a first preferred ship mortgage over the LADY ABBY to secure payment of the amount in the promissory note. The preferred ship mortgage was duly filed with the Coast

Guard at the vessel's home port of Miami. A copy of it has at all times since been available for inspection upon request on board the vessel.

On June 30, 1989, Santiago and Rodríguez entered into a purchase and sale agreement with codefendant Cristóbal Burgos ("Burgos") for the sale of the LADY ABBY. Under its terms, Burgos agreed, amongst various things, to make immediate payment to PFB of three installments that were due, to be responsible for the payment of the balance of the note, to pay the installments to the bank as they became due, and to obtain from the bank a transfer of the note and a release in favor of Santiago and Rodríguez.

The present litigation arose when PFB failed to receive installment payments beginning with that due in October 1989. PFB then proceeded to sue Rodríguez, Santiago and Burgos for the total amount on the note. Rodríguez and Santiago in turn, filed a cross-claim against Burgos stating that if the Court finds them liable to PFB, Burgos is liable to them for breach of contract in the amount owed by them to PFB. At this time PFB has moved for summary judgment. Codefendants Rodríguez and Santiago have also moved for summary judgment in their cross claim against Burgos.

## II. Discussion

### A. The standard for summary judgment

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). "Once a movant avers 'an absence of evidence to support the nonmoving party's case,' the latter must adduce specific facts establishing the existence of at least one issue that is both 'genuine' and 'material'." *Sheinkopf v. Stone*, 927 F.2d 1259, 1261 (1st Cir.1991) (citations omitted).

The mere existence of a factual dispute, of course, is not enough to defeat summary judgment. The evidence relied upon must be "significantly probative" of specific facts which are "material" in the sense that the dispute over them necessarily "affects the outcome of the suit." In other words, the party opposing summary judgment must demonstrate that there are factual issues which "need to be resolved before the related legal issues can be decided."

*Id.* at 1262.

### B. The Applicability of the Ship Mortgage Act to this case

■ Codefendant Burgos argues that since the Ship Mortgage Act, 46 U.S.C. §§ 911–984, was repealed by Congress' enactment of Pub.L. 100–710, the Court does not have jurisdiction over this case. The Court disagrees. The act was indeed repealed on November 23, 1988, however, it did not become effective until January 1, 1989. Since the mortgage between PFB, Santiago and Rodríguez was executed on December 22, 1988, it is governed by the Act. Consequently, the Court has jurisdiction over this case. *See Detroit Trust Co. v. The Thomas Barlum*, 293 U.S. 21, 55 S.Ct. 31, 79 L.Ed. 176 (1934).

### C. Liability of Codefendants Rodríguez and Santiago towards PFB

■ Codefendants argue that there exists a factual issue as to whether PFB accepted codefendant Burgos as a new debtor, therefore releasing them from payment of the debt. The Court disagrees.

The Supreme Court of Puerto Rico has stated that there exist two methods by which a party may be released from a debt while a third party simultaneously assumes responsibility for it. *Teachers Annuity v. Sociedad de Gananciales*, 115 D.P.R. 277 (1984). The first is through a *novation* as provided by Article 1159 of the Civil Code, 31 L.P.R.A. § 3243. Here, the creditor must consent in a clear and express manner to the original debtor's release of the obligation. *Id.* at 289. The second is through an *assumption* as provided by Article 164 of Puerto Rico's Mortgage Law, 30 L.P.R.A. § 2560. Here, the creditor's consent may be implied through his actions. *Id.*

■ The Supreme Court has also stated that a third party may pay the debtor's

obligation regardless of whether the creditor consents or not. *Id.* at 291. However, the mere acceptance of the payment of a debt by a third party in and of itself does not amount to the creditor's implied consent for the release of the original debtor from his obligation. *Id.*

Under either the novation or assumption theory, the Court concludes that codefendants have not created an issue of fact as to the existence of a release by PFB. First, none of the parties have produced any evidence that PFB consented to Burgos' alleged assumption of the debt in a clear and express manner so as to produce a novation.

Second, regarding the issue of whether an assumption took place, codefendants Rodríguez and Santiago merely state that PFB accepted several payments from Burgos. As stated previously, this in and of itself does not create a genuine issue of fact as to whether PFB impliedly consented to an assumption. *E.g., id. at 291.* Codefendants also state that Burgos informed them that he was negotiating with PFB and that the bank was in the process of preparing the necessary documents to transfer the note to his name. This is pure hearsay, hence is inadmissible for purposes of opposing a motion for summary judgment. *See e.g., F.D.I.C. v. Roldán Fonseca,* 795 F.2d 1102, 1110 (1st Cir.1986).

In light of the above, it is evident that there is no genuine issue of material fact as to the existence of either a novation or an assumption. Therefore, codefendants Santiago and Rodríguez are liable to PFB for the unpaid balance of the amount on the promissory note.

**D. Burgos' liability towards PFB**

■ Burgos argues that since he was not a party to the ship mortgage, nor was the maker or a guarantor of the note, he is not liable to PFB. The Court disagrees.

Burgos indeed may not be liable on the note nor the mortgage. However, it is undisputed that he entered into the contract with Santiago and Rodríguez wherein he agreed to make the monthly payments to PFB for the unpaid balance of the note. This agreement had the effect of conferring upon PFB the status of a third party beneficiary. *See A.L. Arsuaga, Inc. v. La Hood Constructors, Inc.,* 90 D.P.R. 104, 112–114 (1964). Hence, Burgos is liable to PFB for the unpaid balance of the amount on the promissory note.

■ Burgos also argues that the Court does not have an independent basis of jurisdiction over PFB's claim against him. The Court also disagrees. Although Burgos' liability towards PFB arises under Puerto Rico contract law, this Court nevertheless may entertain said claim as a pendent party claim. Although pendent party jurisdiction is not available in diversity cases [1], its use has been sanctioned in admiralty cases. *See Ford Motor Co. v. Wallenius Lines, etc.,* 476 F.Supp. 1362, 1369 (E.D.Va.1979); *Morse Electro Products Corp. v. S. S. Great Peace,* 437 F.Supp. 474, 483–485 (D.N.J.1977). In the case at bar, the Court, in the exercise of its discretion, sees it in the best interest of judicial economy that PFB's claim against Burgos be adjudged concurrently with the principal one.

**E. Codefendants' claim against Burgos**

■ It is undisputed that Burgos breached the contract it entered into with Santiago and Rodríguez by failing to make the payments to PFB. However, Burgos claims that the Court does not have ancillary jurisdiction over said claim.

Fed.R.Civ.P. 13(g) states

A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject-matter either of the original action or of a counterclaim therein or *relating to any property that is the subject-matter of the original action.* Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross

---

**1.** *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

claimant for *all or part of a claim asserted in the action against the cross-claimant.* (Emphasis added)

In the cross-claim, Santiago and Rodríguez allege that if they are liable to PFB in any amount, Burgos in turn is liable to them for said amount. Therefore, the Court has jurisdiction over this claim.

### III. Conclusion

PFB's motion for summary judgment is hereby GRANTED. Codefendants Santiago, Rodríguez and Burgos are liable jointly and severally for any deficiency that may be due to PFB after the LADY ABBY is sold.

Codefendants' (Santiago and Rodríguez) motion for summary judgment is hereby GRANTED. Codefendant Burgos is liable to them for any amount they may have to disburse to PFB pursuant to the terms of his agreement with Santiago and Rodríguez.

Judgment is to be entered accordingly.

IT IS SO ORDERED.