**John VIRAPEN, et al., Plaintiffs,**

**v.**

**ELI LILLY, S.A., et al., Defendants.**

**Civ. No. 90–1453(PG).**

United States District Court,
D. Puerto Rico.

June 25, 1992.

■■■■■■■■■■■■■■■■■■■■■

Frederic Chardón Dubos and Charles Zeno, Carolina, P.R., for plaintiffs.

Carl Schuster, McConnell Valdés Kelley Sifre Griggs & Ruiz–Suria, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiff, John Virapen, alleges that defendants, Eli Lilly Export, S.A. and Eli Lilly Company (both hereinafter referred to as "Lilly"), discharged him in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII, 42 U.S.C. § 1981, Local Laws 100 and 80, and Puerto Rico contract law. Presently before the Court are Lilly's motion for summary judgment and plaintiff's opposition thereto.

### The facts

Plaintiff is a Swedish citizen who was born in Guyana in 1943. From 1979 to 1988 he worked for Lilly affiliates in Copenhagen and Stockholm. In 1982 he became country manager. After falling in love with a Puerto Rican, plaintiff inquired about prospective job opportunities in the Island. In April or May of 1988, the position of Director of Pharmaceutical Marketing for Puerto Rico became vacant and plaintiff was selected for the job. However, after only six weeks, he was discharged due allegedly to his failure to act as part of the Lilly team, as well as because of his disrespectful behavior towards other Lilly employees.

### Discussion

There are three methods by which a plaintiff may prove that he or she was the victim of employment discrimination. *See Rivera–Rosario v. Granada Mills, Inc.,* 142 F.R.D. 50, 50 (D.P.R.1992). First, the plaintiff can present direct evidence of discrimination. *See Slack v. Havens,* 7 Fair Empl.Prac.Cas. 885, 1973 WL 339 (S.D.Cal. 1973), *aff'd as modified,* 522 F.2d 1091 (9th Cir.1975). Second, the plaintiff may offer statistical evidence. *See Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Third, in the absence of direct evidence of illegal animus, the plaintiff can prove discrimination by satisfying the three-pronged test set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■■■ In a wrongful discharge case the *McDonnell Douglas* framework works as follows. First, the plaintiff must establish a *prima facie* case of discrimination by showing that (i) he she was within a protected class; (ii) his work was sufficient to meet the employer's legitimate expectation; (iii) he was discharged; and (iv) the employer sought a replacement with roughly the same qualifications. *See Mesnick v. General Electric Company,* 950 F.2d 816, 823 (1st Cir.1991) (ADEA); *Cumpiano v. Banco Santander Puerto Rico,* 902 F.2d 148, 153 (1st Cir.1990) (Title VII). The burden then shifts to the employer, who must articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *Id.* Once the employer has stated its reason, the burden shifts back to the plaintiff, who must now show that the employer's proffered reason is a pretext for discrimination of the type alleged. *Id.*

### Summary judgment in employment discrimination cases

Summary judgment is appropriate when "the pleadings, depositions ..." show that "there is no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). "Once a movant avers 'an absence of evidence to support the nonmoving party's case,' the latter must adduce specific facts establishing the existence of at least one issue that is both 'genuine' and 'material.'" *Sheinkopf v. Stone,* 927 F.2d 1259, 1261 (1st Cir.1991) (citations omitted); *Ponce Federal Bank, F.S.B. v. the Vessel Lady Abby,* 780 F.Supp. 878, 880 (D.P.R. 1992).

In an employment discrimination case, "it is important to remain mindful that, when

the summary judgment record is complete, the jurisprudence of Rule 56 takes hold and the *McDonnell Douglas* framework must comport with the rule." *Mesnick*, 950 F.2d at 825. Where the first two prongs of the *McDonnell Douglas* framework have already been met, "a plaintiff must offer some minimally sufficient evidence, direct or indirect, *both of pretext and of the employer's discriminatory animus* to prevail in the face of a properly drawn Rule 56 motion." (Emphasis supplied). *Id.* at 825.

### ADEA claim

■ The Court finds that plaintiff has failed to create a genuine issue of material fact as to age discrimination. First, as to direct evidence of discrimination, the plaintiff states that during a conversation he had with Leo Uzcategui and Ricardo Flores [1], the latter stated that plaintiff was the oldest among the three. *See* Plaintiff's Exhibit B at 321–23. Said isolated statement, in and of itself, is not probative of age discrimination. *See Báez v. American Cyanamid Company Caribbean Branch*, 685 F.Supp. 303, 308 (D.P.R.1988). Plaintiff also alleges that Lilly has a policy of hiring young MBA graduates. *See* Plaintiff's Exhibit B at 334; plaintiff's Exhibit N. Such praise for youth by itself is not indicative of a bias against more mature workers." *Mesnick v. General Electric Company*, 950 F.2d 816, 826 (1st Cir. 1991).[2]

■ Since plaintiff has not presented any statistical evidence, his only remaining option for proving age discrimination is through the *McDonnell Douglas* burden-shifting framework. Plaintiff has established a *prima facie* case. Lilly in turn has offered a legitimate-non discriminatory reason for its action: Virapen's failure to act within Lilly's norms, philosophy and practice, as well as his disrespectful behavior towards his subordinates and peers. *See* Defendant's Exhibits C through H. Thus, plaintiff must offer some evidence showing that Lilly's reasons are pretexts for *age* discrimination. A mere showing that the defendant acted arbitrarily or with ill will, is not enough; the plaintiff must show that *age* was a motivating factor. *Gray v. New England Telephone and Telegraph Company*, 792 F.2d 251, 255 (1st Cir.1986).

■ Plaintiff has shown that Lilly's policy of communicating with its employees whenever any problems arise was not followed in his case. *See* Plaintiff's Exhibits K, L. Plaintiff's own affidavit also raises an issue of credibility as to the incidents which allegedly led to his dismissal. *See* Plaintiff's Exhibit C. This evidence however, in and of itself, does not lead to a conclusion that plaintiff was discriminated because of *age.* Something more is needed, and that something is missing in this instance. "Merely casting a doubt on the employer's articulated reason does not suffice to meet the plaintiff's burden of demonstrating discriminatory intent." *Menard v. First Services Corp.*, 848 F.2d 281, 287 (1st Cir.1988). Wherefore, summary judgment is appropriate in this instance.

### Title VII claim [3]

The Court finds that plaintiff has not proven ethnic origin or race discrimination through direct or statistical evidence. However, after applying a *McDonnell Douglas* analysis, the Court finds that plaintiff has presented evidence creating a genuine issue of material fact as to Lilly's proffered reasons for firing him being a pretext for ethnic origin/race discrimination.

---

**1.** Uzcategui was Lilly's Director of Finance, Flores was the Personnel Director. Like plaintiff, both men were over forty years of age.

**2.** Plaintiff alleges that the "young MBA" requirement also serves as evidence of disparate impact. This theory fails as well since plaintiff has not presented any applicant pool or applicant flow data. *See* Player, *Employment Discrimination Law* 357 (West 1988).

**3.** The Supreme Court has made it clear that Title VII does not apply extraterritorially. *See E.E.O.C. v. Arabian American Oil,* —— U.S. ——, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991). Hence, this Court is jurisdictionless to entertain any claim of discrimination which may have arisen while plaintiff worked in Europe.

First, as stated in the previous section, Lilly never discussed with plaintiff the alleged incidents which led to plaintiff's dismissal. Second, before coming to Puerto Rico, plaintiff was informed by several Lilly U.S. executives at a training course in Indianapolis that Puerto Ricans did not like Indians. *See* Plaintiff's Exhibit B at 99. Third, after being in Puerto Rico for one month he was told by Mr. Robert Barkei, Lilly's International Area Director, "I don't like you." *See* Plaintiff's Exhibit B at 141. Finally, he was told "the indians are taking over" in reference to the appointment as General Manager of Andrew Mascarenhas, an Indian native. *See* Plaintiff's Exhibit B at 268–269; Exhibit J at 66–69.

Plaintiff's case is buttressed by the fact that no evaluation reports exist as to his performance due to his brief six-week tenure at Lilly. Wherefore, viewing all the evidence in the light most favorable to plaintiff, this Court cannot as a matter of law enter summary judgment as to this claim.

### § 1981 claim

In *Patterson v. Mc Lean Credit Union*[4], the Supreme Court held that § 1981 did not apply to conduct occurring *after* the formation of a contract. It is true of course, that last year Congress overruled *Patterson* by enacting a new Civil Rights Act, P.L. 102–166. However, this Court is in accord with the courts of appeal which have recently dwelt with the issue, that the Civil Rights Act of 1991 does not apply retroactively.

*See Luddington v. Indiana Bell Telephone Company*, 966 F.2d 225 (7th Cir. 1992); *Vogel v. City of Cincinnati*, 959 F.2d 594, 597–98 (6th Cir.1992). It is clear that Lilly's alleged conduct occurred before the enactment of the Act in 1991. Therefore, since the acts alleged took place after the formation of the employment contract, they cannot form the basis of a cause of action under § 1981. Accordingly, this claim must be dismissed.

### Pendent state claims

Since plaintiff's Title VII claim will proceed to trial, the Court has supplemental jurisdiction to entertain plaintiff's commonwealth law claims pursuant to 28 U.S.C. § 1367. These pendent claims arise under Law 100[5] and Law 80.[6] Plaintiff's other state claim for breach of contract is hereby dismissed as Law 80 precludes plaintiff from bringing such suit. *See Alvarado Morales v. Digital Equipment Corp.*, 669 F.Supp. 1173, 1184 (D.P.R.1987), *aff'd*, 843 F.2d 613 (1st Cir.1988).[7] In light of the fact that plaintiff's ADEA claim has been dismissed, these claims shall be limited to discrimination based on ethnic origin/race which took place while plaintiff was in Puerto Rico.

### Conclusion

Summary judgment is hereby GRANTED in defendant's favor as to plaintiff's ADEA and § 1981 claims. Summary judgment is also granted in defendant's favor as to plaintiff's pendent claims for age

---

**4.** 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

**5.** 29 L.P.R.A. § 146. Under said statute, an employer incurs in civil liability if it discriminates on the basis of sex, age, national origin, race or social position. Reinstatement is also an available remedy for the discharged employee. *See Odriozola v. Superior Cosmetic Distributors Corp.*, 116 D.P.R. 482 (1985). Since summary judgment was not entered as to plaintiff's Title VII claim, it would be anomalous to do so with this claim. This is so in view of the fact that under this statute the burden of proof shifts to the defendant once plaintiff has established his prima facie case.

**6.** 29 L.P.R.A. § 185a. Under said statute an employer incurs in civil liability upon discharging an employee "at will" without "good

cause". Unlike Law 100, this statute does not afford reinstatement to a plaintiff. *See Beauchamp v. Holsum Bakers of Puerto Rico*, 116 D.P.R. 522 (1985).

**7.** It is true, as plaintiff indicates, that the Supreme Court of Puerto Rico has recognized a public policy exception to Law 80's preclusive effect. *See Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35 (1986). The facts in this case however, do not warrant that the Court depart from the general rule. The Court also does not read *Selosse v. Fundación Educativa Ana G. Méndez*, 88 J.T.S. 133, cited by plaintiff, as creating a second exception to Law 80's preclusive effect.

discrimination under Law 100 and for breach of contract.

Summary judgment is hereby DENIED as to plaintiff's Title VII claim, pendent ethnic origin/race discrimination claim under Law 100, and Law 80 claim.

IT IS SO ORDERED.