EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Myriam I. Alicea Pérez<br><br>Peticionaria<br><br>v.<br><br>Seguros Múltiples y Compañía Aseguradora XYZ<br><br>Recurridos | Certiorari<br><br>2022 TSPR 86<br><br>209 DPR ____ |

Número del Caso: CC-2021-18


Fecha: 30 de junio de 2022


Tribunal de Apelaciones:

    Panel VI


Abogado de la parte peticionaria:

    Lcda. Yeciran Li Morales Yejo


Abogado de la parte recurrida

    Lcda. Michelle Pirallo-Di Cristina


Materia: Sentencia del Tribunal con Opinión Concurrente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Myriam I. Alicea Pérez

    Peticionaria

        v.                   CC-2021-0018

Seguros Múltiples y Compañía Aseguradora XYZ

    Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2022.

Atendido el caso de epígrafe, se revocan las sentencias recurridas del Tribunal de Apelaciones y del Tribunal de Primera Instancia. Se devuelve el caso al foro primario para que continúe con los procedimientos a la luz de lo enunciado en Feliciano Aguayo v. MAPFRE Panamerican Insurance Company, 207 DPR 138 (2021).

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emite una Opinión Concurrente. La Jueza Asociada señora Pabón Charneco emite la expresión siguiente:

"Por los fundamentos que he expuesto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 207 DPR 138 (2021), sobre la aplicabilidad de la defensa de pago en finiquito en el contexto de una reclamación de seguros, disiento. Contrario a lo resuelto por una mayoría de este Tribunal, lo procedente era confirmar el dictamen recurrido".

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Myriam I. Alicea Pérez

    Peticionaria

      v.                 CC-2021-0018

Seguros Múltiples y Compañía Aseguradora XYZ

    Recurridos


La Jueza Presidenta Oronoz Rodríguez emite una Opinión Concurrente


En San Juan, Puerto Rico, a 30 de junio de 2022.

Nos correspondía determinar si el Tribunal de Apelaciones erró al confirmar una sentencia sumaria que dictó el Tribunal de Primera Instancia mediante la cual desestimó con perjuicio la demanda que la Sra. Myriam I. Alicea Pérez (señora Alicea Pérez) presentó en contra de la Cooperativa de Seguros Múltiples de Puerto Rico (Seguros Múltiples o aseguradora). Lo anterior, fundamentado en la doctrina de pago en finiquito. Concurro con la Sentencia que se emite hoy porque entiendo que, si bien nada impide que se dicte sentencia sumaria en los casos en los que se invoque la figura de pago en finiquito, los hechos de este caso no facultaban tal curso de acción.

**I**

La señora Alicea Pérez sufrió daños en su propiedad a causa del Huracán María. Consiguientemente, al amparo de la póliza de seguros que cubría la propiedad, le reclamó a Seguros Múltiples el valor de los daños cubiertos por la póliza. Insatisfecha con el procedimiento de ajuste, la señora Alicea Pérez presentó una demanda sobre incumplimiento de contrato en contra de la aseguradora. Expuso que a la fecha del evento atmosférico su propiedad estaba asegurada por la póliza de seguro MPP-1929659 que le expidió Seguros Múltiples y que cubría daños ocurridos por huracanes. Sostuvo que en dos ocasiones le reclamó extrajudicialmente a la aseguradora todos los daños cubiertos por el contrato de seguro y los daños resultantes del incumplimiento contractual de esta. Alegó que la aseguradora subestimó los daños, se negó a compensarle adecuadamente, se comportó de manera dolosa y su conducta constituyó mala fe contractual. Asimismo, arguyó que la aseguradora realizó un ajuste incompleto y arbitrario, por lo que incumplió con su obligación contractual. Expuso que a causa de ese incumplimiento la propiedad asegurada se afectó, por tanto, requirió que se indemnizaran los daños que sufrió la propiedad, los daños por incumplimiento contractual y sufrimientos y angustias mentales, más costas y honorarios de abogado.

Luego de varios trámites procesales, Seguros Múltiples contestó la demanda. Negó la mayoría de las alegaciones y presentó como defensa afirmativa la doctrina de pago en

finiquito dado que en este caso se emitió un cheque a favor de la señora Alicea Pérez como pago total de la reclamación, el cual ella endosó y cambió.

Posteriormente, la aseguradora presentó una solicitud de sentencia sumaria y expuso que no existía controversia sobre los siguientes hechos materiales: (1) la señora Alicea Pérez poseía una póliza vigente que le brindaba cubierta a su propiedad a la fecha del paso del huracán María; (2) el 27 de febrero de 2018 Seguros Múltiples le cursó una carta a la señora Alicea Pérez donde incluyó un cheque como pago de su reclamación por los daños sufridos. Tal cheque exponía que este era una liquidación total y definitiva de la reclamación o cuenta descrita en la faz del cheque; y (3) el 24 de abril de 2018 la señora Alicea Pérez endosó y cambió el cheque. De acuerdo con esos hechos, Seguros Múltiples arguyó que se cumplieron todos los requisitos de un pago en finiquito.[1] Por ello, le solicitó al Tribunal de Primera Instancia que desestimara la causa de acción en su contra.

Por su parte, la demandante se opuso a que se dictara sentencia sumaria. Aunque aceptó que recibió el cheque y que lo depositó, sostuvo que la aseguradora realizó un ajuste irreal por una suma debajo del costo de reparación de los daños que sufrió su propiedad. Asimismo, expuso que al recibir el cheque no estuvo de acuerdo con la cantidad de dinero ofrecida. Relató que, al desconocer que se trataba de un pago

---

[1] Para probar sus hechos, la aseguradora anejó una copia de la póliza, la carta cursada a la señora Alicea Pérez y el cheque número 1844005 por la cantidad de $1,075, firmado y endosado.

final y total, endosó y cambió el cheque bajo la expectativa de que podía realizar una reconsideración. En otras palabras, la señora Alicea Pérez manifestó que entendía que el cheque era una cantidad adelantada del ajuste que se estaría procesando.

En apoyo de sus alegaciones la demandante presentó una declaración jurada. Surge de su declaración que, luego de recibir la carta y el cheque de parte de la aseguradora, le comunicó por teléfono al personal de Seguros Múltiples que no estaba de acuerdo con la cantidad de dinero ofrecida. Indicó que la persona que le atendió le dijo que no era necesario que se personase a las facilidades de la aseguradora porque su reclamación ("reconsideración") se realizaba de manera inmediata por la vía digital. Agregó que el personal de la aseguradora le expresó que el hecho de cambiar el cheque no tenía efecto en su solicitud de reconsideración.

Dado lo anterior, la señora Alicea Pérez alegó que no procedía resolver sumariamente el caso porque subsistían varios hechos materiales en controversia, a saber: (1) si hubo una adecuada orientación de parte de la aseguradora sobre las consecuencias de endosar y cambiar el cheque; (2) si se realizó de buena fe la oferta o el ajuste de la reclamación; (3) si la aseguradora cumplió con sus obligaciones bajo el Código de Seguros; y (4) si el pago por la suma de $1,075 fue un pago en finiquito.

Con los escritos de ambas partes, el Tribunal de Primera Instancia dictó sentencia sumaria y desestimó la demanda por

concluir que no existía una reclamación que justificara la concesión de un remedio. Coligió que la obligación habida entre las partes se extinguió de conformidad con la doctrina de pago en finiquito. Entendió que existía una reclamación ilíquida, un ofrecimiento de pago total y completo por parte de la aseguradora, y la aceptación del pago por la señora Alicea Pérez mediante sus actos afirmativos, por lo que, procedía resolver sumariamente.

Inconforme, la señora Alicea Pérez solicitó la reconsideración del dictamen. Expuso que hubo un vicio en su consentimiento al cobrar el cheque como consecuencia de las actuaciones de la aseguradora. Asimismo, insistió en que cambió el cheque bajo la creencia de que su caso sería evaluado y que ello no tendría efecto en su reconsideración. El Tribunal de Primera Instancia denegó la solicitud de reconsideración.

La señora Alicea Pérez recurrió al Tribunal de Apelaciones y el foro judicial intermedio confirmó al Tribunal de Primera Instancia tras concluir que de los hechos incontrovertidos se podía deducir que ocurrió un pago en finiquito.

Aun insatisfecha, la señora Alicea Pérez presentó un recurso de *Certiorari* ante este Tribunal. En primer lugar, argumenta que el foro intermedio erró al sostener la desestimación del caso y aplicar la figura del pago en finiquito. Esto pues la oferta de la aseguradora proviene de actos contrarios a la ley que regula la industria de seguros

y que prohíbe las prácticas desleales en el ajuste. En segundo lugar, insiste en que el Tribunal de Apelaciones no evaluó ni consideró que de la prueba sometida se desprende que no hubo oferta de transacción por concepto de daños a la estructura. Finalmente, expone que existen hechos suficientes para establecer la existencia de actos dolosos y contrarios a la ley que viciaron el consentimiento que prestó al recibir y aceptar el cheque por concepto de daños personales.

Por su parte, Seguros Múltiples argumentó que se configuró la doctrina de pago en finiquito, por ende, fue correcto resolver el caso sumariamente. Específicamente, alegó que la declaración jurada de la señora Alicea Pérez no fue suficiente para controvertir el hecho de que ella endosó y cambió el cheque como aceptación del pago total y completo de la reclamación. Indicó que en su declaración jurada la demandante no ofreció detalles de la llamada telefónica que alegadamente sostuvo con Seguros Múltiples respecto a la aceptación del pago.

## II

El propósito cardinal de la sentencia sumaria es proveer una solución justa, rápida y económica para aquellos litigios de naturaleza civil en los cuales no exista un conflicto o controversia genuina de hechos materiales. Pérez Vargas v. Office Depot, 203 DPR 687 (2019). Por ello, esta procede únicamente cuando, sin existir controversia sobre hechos materiales, solo resta que el foro de instancia aplique el derecho. Íd.

La parte que desee que se disponga de un caso a través de una sentencia sumaria tiene que desglosar los hechos materiales sobre los que no existe controversia y particularizar la prueba admisible en evidencia que lo apoya. _Íd._ Es decir, tiene que probar que no existe controversia de hechos materiales y establecer que procede que se dicte sentencia a su favor, como cuestión de derecho. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 473 (2013); Soc. de Gananciales v. Vélez & Asoc., 145 DPR 508, 526 (1998). Por su parte, la parte promovida debe rebatir la moción y los hechos propuestos con declaraciones juradas u otra documentación que apoye su posición. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V.

Al dictar sentencia sumaria el tribunal analizará los documentos que acompañan la solicitud y los documentos incluidos en la oposición, así como aquellos que obren en el expediente del tribunal. Se deberá dictar sentencia sumaria únicamente "si surge con claridad que el promovido no prevalecerá bajo ningún supuesto de hechos y el tribunal tiene ante sí todos los hechos necesarios para resolver la controversia". SLG Zapata-Rivera v. J.F. Montalvo, supra, pág. 473.

En lo pertinente a la controversia ante nos, en Gilormini Merle v. Pujals Ayala, 116 DPR 482 (1985) se analizó la doctrina de pago en finiquito y su proceder en una sentencia sumaria. Allí se expresó, que no procede el mecanismo sumario

cuando existe una controversia real de hecho respecto a la aceptación -- expresa o tácita -- del ofrecimiento de pago.

III

En este caso, los foros inferiores concluyeron que se cumplieron todos los requisitos jurisprudenciales de la doctrina de pago en finiquito. Razonaron que: (1) como existía una reclamación ilíquida; (2) hubo un ofrecimiento de pago total y completo por parte de la aseguradora; (3) y la señora Alicea Pérez aceptó la oferta al endosar y cobrar el cheque, procedía desestimar la demanda sumariamente.

Surge del expediente que al dictar sentencia sumaria los tribunales recurridos omitieron analizar el criterio de umbral al atender una solicitud de sentencia sumaria, esto es, si existen hechos materiales en controversia. De haberlo hecho, hubiesen concluido que hay controversia sobre hechos medulares, lo que requiere la celebración de un juicio plenario.

En la moción de sentencia sumaria, Seguros Múltiples alegó como hecho esencial que no estaba en controversia que la señora Alicea Pérez retuvo y cambió el cheque. Indicó que ello constituyó una aceptación del pago total y definitivo ofrecido. En apoyo de su alegación presentó una copia del cheque debidamente endosado por la señora Alicea Pérez.[2]

---

[2] Al dorso del cheque y en letra chica se expresó que "el(los) beneficiario(s) a través del endoso a continuación acepta(n) y conviene(n) que este cheque constituye liquidación total y definitiva de la reclamación cubierta y descrita en la faz del mismo y que la Cooperativa queda subrogada en todos los derechos y causas de acción a la que tiene derecho bajo los términos de la referida póliza por razón de este pago".

Ahora bien, según surge de la *Oposición a solicitud de sentencia sumaria* y de la declaración jurada que presentó la señora Alicea Pérez, al recibir el cheque esta se comunicó por teléfono con Seguros Múltiples para manifestar que no estaba conforme con la cantidad.[3] Relató que le dijeron que lo que procedía era una reclamación digital que, para todos los efectos, era una reconsideración.[4] Específicamente, entre los hechos en controversia expuso que cuando recibió el cheque le expresó a la aseguradora que el pago ofrecido no cubría ni una décima parte de los daños.[5] Además, que cambió el cheque porque la aseguradora le indicó que ello no afectaría su reconsideración y que continuarían con un nuevo ajuste.[6] La señora Alicea Pérez declaró expresamente lo siguiente: "acepté cambiar el cheque porque me indicaron que podía hacerlo y que eso no afectaba la reconsideración del caso y porque necesitaba comprar ropa y algunos útiles".[7]

De acuerdo con lo anterior, la señora Alicea Pérez controvirtió el hecho de la aceptación propuesto por Seguros Múltiples. No se puede concluir que hubo una aceptación de pago total de la deuda si está en controversia el consentimiento de la señora Alicea Pérez al cobrar el cheque bajo el entendido de que mantenía una reconsideración frente a la aseguradora. Contrario a lo que alega Seguros Múltiples, estimo que la declaración jurada de la demandante es

---

[3] Declaración jurada, párrafo 18 y 19.
[4] Declaración jurada, párrafo 11 y 18.
[5] Declaración jurada, párrafo 13.
[6] Declaración jurada, párrafos 11, 14, 15, 16, 21 y 22.
[7] Declaración jurada, párrafo 14.

suficiente para controvertir el hecho de la aceptación del pago. Los detalles de la llamada telefónica no eran necesarios para controvertir el hecho de que el endoso del cheque no era una aceptación del pago total de la reclamación. Esos detalles son precisamente los que se deberán evaluar en el juicio plenario. Dado que existen hechos materiales en controversia, no procedía dictar sentencia sumaria.

Maite D. Oronoz Rodríguez
Jueza Presidenta