LUIS R. PAGÁN FORTIS, demandante y recurrente, *v.* JULIO GARRIGA, JR., demandado y recurrido.

*Número*: 273      *Resuelto*: 3 de mayo de 1963

*Rodríguez Ema & Rodríguez Ramón, Nicolás Jiménez* y *Rodolfo Sequeira,* abogados del recurrente; *F. Torres Aguiar,* abogado del recurrido.

---

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Luis R. Pagán Fortis, suscribió un contrato de obra con Julio Garriga. Convino en construir un edificio de tres plantas por la cantidad de $26,000 sujeto a especificaciones convenidas. El contratista había preparado unos planos para la construcción de un edificio comercial pero Garriga cambió de parecer y se decidió por uno de viviendas. Los planos de este último fueron preparados también por el demandantes. El precio estipulado para la construcción de la obra no incluía los planos.

Antes de terminarse la obra Garriga solicitó la construcción de un mirador adicional y que se usaran ventanas distintas a las convenidas. El mirador y la diferencia en precio de las ventanas, así como el costo de unas pinturas y unos gabinetes de cocina no estaban incluidos en el precio convenido en el contrato.

Al momento de terminarse la obra Garriga había hecho efectivo al demandante la suma de $25,000. El demandante envió luego al demandado una factura con los siguientes detalles:

| | |
|---|---|
| "1. Balance de contrato | $1,000.00 |
| 2. Costo Mirador y caja superior de escalera | 2,500.00 |
| 3. Honorarios profesionales, planos de un edificio de cuatro plantas al 5.5% | 1,705.00 |
| 4. Planos de Enmienda Mirador | 150.00 |
| 5. Pintura Rocktite a base cemento (cambio aceite) | 300.00 |
| 6. Cambio de ventana tipo Awning de Cristal | 390.00 |
| 7. Tres gabinetes de Cocina | 90.00 |
| Total | $6,135.00" |

El demandado, después de recibir la anterior factura, envió un cheque al demandante por la cantidad de $1,000 aclarando que el concepto del cheque era "[p]ara pagar total-

mente el balance del contrato del edificio construído en la Calle Loíza # 1756, propiedad de Julio Garriga, Jr., incluyendo planos, permisos, pólizas, materiales, etc., y todo lo relacionado con la construcción hasta su terminación."

Pagán, al endosar el cheque para cobrarlo, hizo constar "aceptado como pago parcial" y envió una comunicación al demandado informándole que "[l]e estamos abonando a su estimada cuenta $1,000.00 del Ck. # 763 de Nov. 21, 1955. Sin embargo queremos aclararle que el Voucher de dicho cheque está erróneo en cuanto a las siguientes partidas que ud. incluye en dicho voucher, a saber: 1. Honorarios Profesionales 2. Costo adicional del Mirador 3. Caja en Escalera de Servicio 4. Partidas que fueron incluídas en la última factura."

A esta comunicación Garriga no contestó, pero cinco meses más tarde cuando Pagán le envía otra factura por el remanente de la cuenta, se la devuelve con una nota que dice "Ojo, yo no le debo nada a Ud.".

Al recibir la factura devuelta con la nota, Pagán instó la presente acción. El demandado contestó, contrademandó y además formuló la defensa de "[q]ue cualquier reclamación que pudiera tener el demandante contra el demandado por razón del contrato de construcción que se menciona en la demanda, se había extinguido a la fecha de la reclamación de la misma a virtud de *accord and satisfaction* por haber el demandante recibido, aceptado y cobrado en 30 de noviembre de 1955 el cheque número 763, expedido por el demandado en 21 de noviembre de 1955 al demandante Luis Raúl Pagán Fortis, por la suma de $1,000.00 para pagar totalmente el balance del contrato del edificio construido en la Calle Loíza # 1756, propiedad de Julio Garriga, Jr., incluyendo planos, permisos, pólizas, materiales, etc., y todo lo relacionado con la construcción hasta su terminación. *López* vs. *South Puerto Rico Sugar Co.*, 62 D.P.R. 238."

Durante la vista del caso Pagán declaró sobre lo convenido con Garriga. Manifestó que el contrato que suscribieron ori-

ginalmente era por $26,000. Que de este contrato se le debían $1,000 y que el resto de la cuenta se refería a la construcción del mirador y a las otras partidas detalladas en la factura.

Terminada la prueba de la parte actora, el demandado solicitó "la desestimación de la demanda a base de la defensa afirmativa de *accord and satisfaction*". Así lo determinó el tribunal de instancia y declaró sin lugar la demanda. Declaró además sin lugar la reconvención por entender que el demandado, al hacer constar que el pago cubría todo lo relacionado en la construcción, "indudablemente incluyó cualquier reclamación que . . . pudiese tener contra el demandante relacionada con el contrato de construcción. Al quedar liquidada la reclamación del demandante mediante la aceptación y cobro del cheque quedó por tanto liquidada y extinguida también la reclamación del demandado".

Recurrió ante nos el demandante y acordamos revisar la sentencia que desestimó la demanda. El demandado no recurrió de la sentencia que desestimó su reconvención.

■ En *López* v. *South P.R. Sugar Co.*, 62 D.P.R. 238 (1943) expusimos que "[p]ara que exista *accord and satisfaction* precisa el concurso de los siguientes elementos: (1) Una reclamación ilíquida o sobre la cual exista controversia *bona fide;* (2) un ofrecimiento de pago por el deudor; y (3) una aceptación del ofrecimiento de pago por el acreedor".

La prueba que tuvo ante sí el juez de instancia demuestra que primeramente se celebró un contrato para la construcción de una obra por la cantidad de $26,000 sujeto a unas especificaciones previamente acordadas; que durante la construcción el demandado hizo pagos montantes a $25,000 restando el pago de $1,000 que según declaración del demandante convino expresamente en pagar, que luego de comenzada la obra se hicieron cambios y adiciones a la misma, y que sobre el valor de éstos el demandado solicitó una rebaja.

■ El caso de *Buchanan & Carvel* v. *Etie*, 191 S.W.2d 706 (Tex. 1945) presenta una situación de hechos parecida a

la que aquí consideramos. Se adeudaba una suma específica del contrato original celebrado entre las partes. Se envió una factura por esa suma y además por el costo de trabajo extra realizado incluyendo materiales. Se envió un cheque por la cantidad líquida que se adeudaba del contrato original y se aclaró que era en pago total de lo adeudado. Al endosar el cheque se hizo constar que se aceptaba como pago parcial. Al conocer de ese endoso el deudor le notificó que si el cheque no se aceptaba como pago total debía devolverse. El acreedor no contestó. El tribunal resolvió que la actuación del acreedor no constituía aceptación como *finiquito*. Se dijo "El pago a Etie de los $2,074.74 era sólo el pago de una deuda reconocida para con él y no cubría ninguna de las partidas por las que aquí se demanda. Tal pago no puede ser causa para una aceptación como finiquito." Ver además: *Tortuguero Logging Operation, Limited* v. *Houston,* 349 S.W.2d 315 (Tex. 1961); *Western Concrete Struct. Co.* v. *James I. Barnes Const. Co.,* 23 Cal. Rep. 506 (1962); *Hudson* v. *American Founders Life Ins. Co. of Denver,* 377 P.2d 391 (Colo. 1962); *J. F. White Engineering Corporation* v. *United States,* 311 F.2d 410 (10th Cir. 1962).

Claramente con la evidencia que tuvo ante sí el juez sentenciador no podía concluirse que la aceptación del pago de los $1,000 constituía el saldo de toda la acreencia que el demandante tenía contra el demandado. Al enviar el cheque por $1,000 el demandado estaba pagando lo que adeudaba del contrato original, una cantidad líquida sobre la cual no había controversia. El demandado había aceptado que debía esa cantidad. No se efectuó pago alguno en exceso de esa suma que pudiera considerarse que su aceptación saldaba las partidas que excedían la suma líquida adeudada del contrato original. Faltaba pues el primero de los tres requisitos que en *López* v. *South P.R. Co.,* expusimos eran necesarios concurrieran para que pudiera considerarse que la aceptación de una suma menor que la debida constituía un pago total de la

acreencia. En *López* también concluimos que faltaba ese requisito. *Está en orden pues revocar la sentencia que declaró sin lugar la demanda, pero no así la que declaró sin lugar la contrademanda, por no haberse solicitado la revisión de la misma.* United States v. Hosteen Tse-Kesi, 191 F.2d 508 (10th Cir. 1951); 1A Barron & Holtzoff, *Federal Practice & Procedure, Rules Edition,* Sec. 407 (ed. 1960). *Se devolverá el caso para ulteriores procedimientos.*