ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DEL FARO<br><br>Apelada<br><br>v.<br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Apelante | KLAN202300705 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2019CV01340<br><br>Sobre: Incumplimiento de Contrato; mala fe; cumplimiento específico; violaciones al Código de Seguros de PR; daños y perjuicios; reclamación por Huracán María |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

Comparece MAPFRE PRAICO Insurance Company (en adelante, MAPFRE y/o parte apelante), mediante un recurso de *Apelación* para solicitarnos la revisión y revocación de la *Sentencia Parcial* emitida el 6 de junio de 2023 y notificada el 7 de junio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, TPI).[1] Mediante la *Sentencia Parcial* apelada, el foro primario declaró Ha Lugar una moción de desestimación, presentada por el Consejo de Titulares del Condominio Villas del Faro (en adelante, Consejo y/o parte apelada) y, en consecuencia, desestimó la *Reconvención* presentada por MAPFRE.[2]

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Parcial* apelada.

---

[1] Apéndice de la parte apelante, a las págs. 257-267.
[2] *Id.,* a la pág. 267.

Número Identificador

SEN2023_____

# I

El 4 de septiembre de 2019, el Consejo presentó una *Demanda* al amparo de las Reglas 3.1 y 3.4 de las Reglas de Procedimiento Civil.[3] En ella, solicitó que se condenara a MAPFRE al pago de $18,968,857.09 dólares como compensación por los daños sufridos por la propiedad a causa del Huracán María y $1,896,885.71 dólares por los daños alegadamente causados por incumplimiento contractual con los términos y condiciones de la póliza de seguros expedida a su favor al atender la reclamación de daños, en violación al Código de Seguros de Puerto Rico (en adelante, Código de Seguros).[4] Alegó que la póliza de seguros cubría el periodo desde el 23 de marzo de 2017 hasta el 23 de marzo de 2018. Expuso que, como lo demostraban las páginas de declaración de la póliza de seguros, esta brindaba cobertura para todos los edificios y estructuras auxiliares por daños cubiertos por tormentas de viento, hasta $25,131,072.00 dólares, sobre una base de valor acordado. Sin embargo, alegó que recibió, el 21 de julio de 2018, dos (2) cheques de parte de General Insurance Brokers, Inc., su agente de seguros, por las cantidades de $260,502.61 dólares[5] y $26,028.37 dólares[6], los cuales alegó que aceptaron como un adelanto.

De ahí, el 16 de diciembre de 2019, MAPFRE presentó una *Solicitud de Sentencia Sumaria.*[7] Alegó que su oferta final había sido por la cantidad de $286,030.98 dólares, y que por su parte el Consejo aceptó y depositó los cheques configurándose la figura de pago en finiquito. Expuso que en el reverso de los dos (2) cheques y cerca del espacio para endoso se desprendía lo siguiente: "pago total y definitivo de toda obligación, reclamación o cuenta comprendida

---

[3] *Id.,* a las págs. 1-11. 32 LPRA Ap. V, R. 3.1 y 3.4.
[4] Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de Junio de 1957, según enmendada, 26 LPRA § 101 *et seq.*
[5] Apéndice de la parte apelante, a la pág. 190.
[6] *Id.,* a la pág. 187.
[7] *Id.,* a las págs. 16-194.

en el concepto indicado en el anverso". Allí, solicitó al foro primario la desestimación de la *Demanda* en su contra, con perjuicio y la imposición de costas, así como una suma razonable en honorarios de abogado por temeridad.

De los autos se desprende que mediante la *Resolución* emitida el 12 de diciembre de 2021, el foro primario denegó la referida solicitud de sentencia sumaria.[8] Allí, el foro primario concluyó que:

> [E]xiste una controversia real sobre los daños pagados por MAPFRE. Además, y según las alegaciones del demandante, existe controversia en cuanto a los daños reclamados y los que MAPFRE pagó. Es meritorio tener claro estos hechos, en específico, la aseguradora debe proveer una explicación, en la que se detalle lo que el asegurado reclamó, lo que la aseguradora evaluó y concedió, junto a las partidas específicas pagadas y aquellas excluidas, para que el pago no sea considerado una práctica desleal. En este caso existe controversia en cuanto a la aceptación del pago como uno total y final de la reclamación. Es decir, al existir controversias de hechos no se puede pasar juicio sobre la totalidad de las cuestiones que fueron planteadas sin la celebración de una vista en la cual se dirima cuestiones de credibilidad y se presente la evidencia que amerite.[9]

Luego, el 23 de diciembre de 2021, MAPFRE presentó una *Contestación a la Demanda y Reconvención*.[10] En la *Reconvención,* expuso que el 28 de septiembre de 2017, el Consejo le notificó su aviso de accidente por los daños ocasionados a la propiedad por el paso del Huracán María. Alegó que, en o alrededor del 26 de abril de 2018, General Insurance Brokers, Inc. le sometió a nombre del Consejo un estimado que incluía todos los daños a edificios y demás riesgos cubiertos bajo las cuales reclamaba. Según MAPFRE, la reclamación del Consejo era por un total de $398,429.76 dólares. En lo pertinente al asunto ante nuestra consideración, MAPRE alzó que: (i) los demandantes del título incurrieron como mínimo en fraude, falsas representaciones y sobrestimaron sus daños, por lo que la póliza de seguros quedaba invalidada y MAPFRE debía quedar

---

[8] Apéndice de la parte apelada, a las págs. 1-13.
[9] *Id.,* a la pág. 12.
[10] Apéndice de la parte apelante, a las págs. 195-211.

relevada de cumplir con su deber de indemnizar; (ii) los demandantes del título incumplieron varios de sus deberes esenciales bajo la póliza de seguros, entre ellos, el de brindar información completa y veraz respecto a su reclamación, por lo que la póliza de seguros quedaba invalidada y MAPFRE debía quedar relevada de cumplir con su deber de indemnizar; y, (iii) solicitaron que se condenara al asegurado a la devolución de lo pagado, junto con el pago de todos los gastos de investigación, ajuste y legales incurridos por MAPFRE, los cuales se estiman en una suma no menor de $250,000.00 dólares.[11]

Por su parte, el 24 de enero de 2022, el Consejo presentó una *Moción de Desestimación de "Reconvención" al Amparo de la Regla 10.2(5) de Procedimiento Civil.*[12] En síntesis, adujo que la *Reconvención* presentada por MAPFRE incumplió con la Regla 7.2 de las Reglas de Procedimiento Civil[13] y que, por tanto, procedía la desestimación de esta, al amparo de la Regla 10.2(5) del mismo citado cuerpo de reglas[14]. Adujo que se dejó de exponer una reclamación que justificara la concesión de un remedio. En respuesta, el 3 de febrero de 2022, MAPFRE presentó una *Oposición a Moción de Desestimación de Reconvención.*[15] Adujo que las alegaciones contenidas en la *Reconvención* expresaban con claridad los hechos que alegadamente daban base a la concesión del remedio solicitado y que, por tanto, el remedio solicitado por el Consejo debía ser denegado.

De ahí, el 6 de junio de 2022, el foro primario emitió la *Sentencia Parcial* apelada, mediante la cual declaró Ha Lugar la solicitud de desestimación presentada por el Consejo y ordenó la

---

[11] *Id.,* a las págs. 210-211.
[12] *Id.,* a las págs. 212-225. 32 LPRA Ap. V, R. 10.2 (5).
[13] 32 LPRA Ap. V, R. 7.2.
[14] 32 LPRA Ap. V, R. 10.2 (5).
[15] Apéndice de la parte apelante, a las págs. 226-232.

continuación del resto de las reclamaciones.[16] Dicha *Sentencia Parcial* fue notificada el 7 de junio de 2022. Como parte de la *Sentencia Parcial* apelada, el tribunal *a quo* expresó lo siguiente:

> El día 13 de diciembre de 2021 este tribunal resolvió mediante resolución que en este caso no se probaron los elementos que configuran el pago en finiquito. Precisamente resolvimos sobre la existencia de varias controversias, todas relacionadas a los pagos realizados por M[APFRE] mediante los dos cheques. Así, resolvimos específicamente que: "un análisis de los documentos del expediente, revelan que existe una controversia real sobre los daños pagados por MAPFRE. Además, y según las alegaciones del demandante, existe controversia en cuanto a los daños reclamados y los que MAPFRE pagó. Es meritorio tener claro estos hechos, en específico, la aseguradora debe proveer una explicación, en la que se detalle lo que el asegurado reclamó, lo que la aseguradora evaluó y concedió, junto a las partidas específicas pagadas y aquellas excluidas, para que el pago no sea considerado una práctica desleal. En este caso existe controversia en cuanto a la aceptación del pago como uno total y final de la reclamación. Es decir, al existir controversias de hechos no se puede pasar juicio sobre la totalidad de las cuestiones que fueron planteadas sin la celebración de una vista en la cual se dirima cuestiones de credibilidad y se presente la evidencia que amerite. Es necesario que se celebre un juicio en su fondo. Así se impide que las partes sean privadas de su día en corte".
>
> Fue por los precitados fundamentos que resolvimos que los pagos realizados por M[APFRE] no fueron en ese entonces, ni son todavía suficientes para configurar el pago en finiquito. Por tanto, la reconvención es totalmente improcedente, toda vez que descansa en que se realizaron pagos que finiquitaron la obligación de indemnizar que tenía M[APFRE]. La reconvención parte de la premisa errónea de que luego de ser indemnizados la parte contin[ú]a su reclamación fraudulentamente cuando en este caso lo que precisamente hay que determinar es si la indemnización fue conforme a derecho, o si, al contrario, M[APFRE] actuó de mala fe en la tramitación de la reclamación.[17]

Además, en la *Sentencia Parcial* apelada, el foro primario concluyó lo siguiente:

> Examinada la reconvención que obra en autos, surge claramente que no solo incumple con el estándar de plausibilidad por descansar totalmente en alegaciones conclusorias, sino que ignora lo resuelto el 13 de diciembre de 2021. Además, el alegado fraude no fue detallado conforme la disposición de la [R]egla 7.2 de

---

[16] *Id.,* a las págs. 257-267.
[17] *Id.,* a las págs. 265-266.

[P]rocedimiento [C]ivil, la reconvención no expone cu[á]l es el alegado fraude cometido por la parte demandante.

La reconvención objeto de controversia, a la luz de las circunstancias particulares del caso de autos, incumple con el criterio de plausibilidad toda vez que alega conclusivamente la existencia de un fraude que depende de un descubrimiento de prueba y parte de premisas erradas que ignoran las determinaciones del tribunal.[18]

Inconforme, el 22 de junio de 2023, MAPFRE presentó una solicitud de *Reconsideración* al amparo de la Regla 47 de las Reglas de Procedimiento Civil.[19] En su escrito solicitó al TPI que reconsiderara el desfavorable dictamen, arguyendo que la solicitud de *Reconvención* contenía alegaciones fáticas suficientes para establecer que las actuaciones del Consejo constituyeron fraude y/o falsas representaciones y que dichas alegaciones, tomadas como ciertas, exponen un reclamo plausible que amerita un remedio. Por su parte, el 12 de julio de 2023, el Consejo presentó una *Oposición a "Reconsideración".*[20] Finalmente, mediante *Resolución* emitida el 13 de julio de 2023 y notificada el 14 de julio de 2023, el foro primario dispuso lo siguiente:

Consideradas la moción de Reconsideración presentada por la parte demandada, así como la correspondiente Oposición fijada por la demandante, concluimos que la primera no expone con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse, ademá[s], tampoco está fundada en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales que nos lleven a variar nuestra determinación. Así, a la Reconsideración se provee No Ha Lugar. Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157 (2016).[21]

Aún insatisfecho, el 11 de agosto de 2023, compareció MAPFRE, mediante un recurso de *Apelación*, en el cual esgrimió la comisión del siguiente error:

---

[18] *Id.,* a la pág. 266.
[19] *Id.,* a las págs. 268-274. 32 LPRA Ap. V, R. 47.
[20] *Id.,* a las págs. 275-279.
[21] *Id.,* a la pág. 280.

ERRÓ EL TPI AL DICTAR SENTENCIA PARCIAL DESESTIMANDO LA RECONVENCIÓN, CUANDO LAS ALEGACIONES CUMPLEN Y EXCEDEN CON TODOS LOS CRITERIOS DE SUFICIENCIA, ESPECIFICIDAD Y DETALLE.

De ahí, el 25 de agosto de 2023, compareció ante nos el Consejo, mediante una *Moción de Desestimación de "Apelación" por Falta de Jurisdicción y por Incumplimiento Craso con el Reglamento del Tribunal de Apelaciones*. Sobre el particular, mediante *Resolución* emitida el 8 de septiembre de 2023, este Tribunal declaró No Ha Lugar la solicitud de desestimación. De ahí, el 18 de septiembre de 2023, compareció el Consejo mediante escrito intitulado *Alegato en Oposición a "Apelación Civil"*. Con el beneficio de la comparecencia de ambas partes, procederemos a resolver.

**II**

## A. Recurso de Apelación

La Regla 52.2(a) de Procedimiento Civil[22], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[23] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[24] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
>
> En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios y funcionarias, o una de sus instrumentalidades que no fuere una corporación

---

[22] 32 LPRA Ap. V, R. 52.2 (a).
[23] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). *Arriaga v. FSE*, 145 DPR 122, 131 (1998). *Loperena Irizarry v. ELA,* 106 DPR 357, 360 (1977).
[24] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).

pública, o en que los Municipios de Puerto Rico o sus funcionarios y funcionarias sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. [25]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una **moción de reconsideración fundamentada**.[26] (Énfasis suplido). En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la moción.[27] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

## B. Regla 10.2 de las Reglas de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial.[28] La moción de desestimación al amparo de esta regla es una defensa especial que formula el demandado en la que solicita que se desestime la demanda presentada en su contra, aun sin necesidad de formular una alegación previa.[29]

La regla establece que:

Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
**(5) dejar de exponer una reclamación que justifique la concesión de un remedio**;
(6) dejar de acumular una parte indispensable.[30]
(Énfasis suplido).

---

[25] 4 LPRA Ap. XXII-B, R. 13 (A).
[26] 32 LPRA Ap. V, R. 47.
[27] *Id.*
[28] 32 LPRA Ap. V, R. 10.2.
[29] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). *Colón v. Lotería,* 167 DPR 625, 649 (2006).
[30] 32 LPRA Ap. V, R. 10.2.

El tribunal interpretará las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible a la parte demandante para determinar si la misma es suficiente para constituir una reclamación válida.[31] No obstante, procederá la desestimación cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio.[32]

### C. Pago en Finiquito

El Código Civil de Puerto Rico de 1930 reconoce diversas formas de extinguir las obligaciones.[33] En su Artículo 1110[34] dispone que las obligaciones se extinguen por el pago o cumplimiento, entre por otras razones. Por su parte, el Artículo 1111[35] dispone que no se entenderá pagada una deuda, sino cuando completamente se hubiese entregado la cosa o hecho la prestación en la que la obligación consistía.

No obstante, el Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) por vía de interpretación judicial ha insertado y reconocido en nuestro derecho **otra forma de extinción de las obligaciones que, aunque no satisface completamente la deuda, libera al deudor de toda obligación, conocida como pago en finiquito** o acuerdo y pago ("accord and satisfaction").[36] (Énfasis suplido). El pago en finiquito es un modo de extinguir una

---

[31] *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010). *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994).

[32] *González Méndez v. Acción Social et al.,* 196 DPR 213, 235 (2016).

[33] El Código Civil de Puerto Rico de 1930 fue derogado por el Código Civil de Puerto Rico de 2020 aprobado mediante la Ley Núm. 55 de 1 de junio de 2020. Para fines de la presente, se hace referencia únicamente al Código Civil derogado por ser la ley vigente y aplicable a la controversia que nos ocupa.

[34] 31 LPRA § 3151, Art. 1110.

[35] 31 LPRA § 3161, Art. 1111.

[36] *Gilormini Merle v. Pujals Ayala*, 116 DPR 482, 484 (1985). *López v. South PR Sugar Co.*, 62 DPR 238, 244 (1943). *City of San Juan v. St. John's Gas Co.*, 195 US 510 (1904).

obligación, que sirve a su vez, como una defensa afirmativa a quien le reclaman civilmente la satisfacción de una acreencia.[37]

Para que se configure la figura de pago en finiquito se requiere el concurso de los siguientes tres (3) elementos: (i) una reclamación ilíquida o sobre la cual exista controversia *bona fide* sin que exista una opresión o ventaja indebida de parte del deudor sobre su acreedor;[38] (ii) un ofrecimiento de pago por el deudor; y (iii) una aceptación del ofrecimiento de pago por el acreedor.[39] En lo que respecta al primer elemento, cuando el acreedor en las circunstancias indicadas recibe del deudor y hace suya una cantidad menor que la que él reclama, el acreedor está por ello impedido de reclamar la diferencia entre lo recibido y lo por él reclamado.[40] Por otro lado, en lo respectivo al segundo elemento, este tiene que ir acompañado por declaraciones o actos que claramente indiquen que el pago ofrecido por el deudor al acreedor es en pago total, completo y definitivo de la deuda existente entre ambos.[41]

Por último, sobre el tercer elemento, se ha resuelto que la simple retención del cheque no configura la defensa de pago en finiquito, se requiere actos afirmativos que indiquen la aceptación, pues, se entiende lógico y razonable que el acreedor investigue y consulte sobre cuál es el camino que seguir, lo que necesariamente conlleva el transcurso de algún tiempo, la razonabilidad del cual, por necesidad, tendrá que ser determinado según las circunstancias

---

[37] 32 LPRA Ap. V, R. 6.3.
[38] El primer elemento del pago en finiquito solo exigía que fuera ilíquida la deuda, pero esto fue modificado por el Tribunal Supremo de Puerto Rico en *Martínez & Co. v. Long Const. Co.*, a partir del cual el máximo foro exigió no solo la iliquidez de la deuda, sino que la misma tenga "ausencia de opresión o indebida ventaja de parte del deudor sobre su acreedor". *Martínez & Co. v. Long Const. Co.*, 101 DPR 830, 834 (1973).
[39] *Feliciano Aguayo v. Mapfre Panamerican Insurance Company*, 207 DPR 138, 159-160 (2021). *H. R. Elec., Inc. v. Rodríguez*, 114 DPR 236, 240 (1983). *Pagán Fortis v. Garriga*, 88 DPR 279, 282 (1963). *López v. South PR Sugar Co.*, 62 DPR 238 (1943).
[40] *H. R. Elec., Inc. v. Rodríguez, Id.*
[41] *Id.*, 242.

particulares de cada caso.[42] Ciertamente, al dirigirle al acreedor un ofrecimiento de pago sujeto a la condición de que al aceptarlo se entenderá en saldo de su reclamación, tiene el deber de devolver al deudor la cantidad ofrecida, si no está conforme con dicha condición; debido a que, no puede aprovecharse de la oferta de pago hecha de buena fe por el deudor, para después de recibirla, reclamarle el balance.[43]

### D. Fraude

En cuanto al fraude la Regla 7.2 de las Reglas de Procedimiento Civil expresa:

> En todas las aseveraciones de **fraude** o error, las circunstancias que constituyen el **fraude** o error deberán **exponerse detalladamente**. La malicia, la intención, el conocimiento y cualquier otra actitud o estado mental de una persona puede aseverarse en términos generales.[44] (Énfasis suplido).

Por su parte, la Regla 6 de las Reglas de Procedimiento Civil aborda lo relativo a las normas generales para las alegaciones. A tales efectos la Regla 6.1 dispone lo relativo a la solicitud de remedio:

> Una alegación que exponga una solicitud de remedio contendrá:
> (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y
> (2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza.[45]

Por su parte, la Regla 6.5 explica que: "(a) Cada aseveración en una alegación será sencilla, concisa y directa [...]".[46] Quiérase decir, en contravención a la norma, la Regla 7.2 de las Reglas Procedimiento Civil exige que se **expongan detalladamente** las circunstancias que constituyen un supuesto fraude. (Énfasis suplido). Consiste en la obligación de "detallar y pormenorizar los

---

[42] *Id.*, 243-244.
[43] *Id.*, 240.
[44] 32 LPRA Ap. V, R. 7.2.
[45] 32 LPRA Ap. V, R. 6.1.
[46] 32 LPRA Ap. V, R. 6.5.

hechos constitutivos del fraude".[47] El Alto Foro ha resuelto que "el fraude no solo tiene que ser afirmativamente alegado, sino que, además, deben exponerse detalladamente las circunstancias que constituyen el mismo".[48]

### E. La Reconvención

La Regla 5 de las Reglas de Procedimiento Civil aborda las alegaciones permitidas. A esos efectos, la Regla 5.1 dispone que: "Las alegaciones permitidas serán la demanda, la **reconvención**, la demanda contra coparte, la demanda contra tercero y sus respectivas contestaciones [...]".[49] (Énfasis suplido). Existen dos (2) tipos de reconvenciones, las compulsorias y las permisibles. En lo que aquí nos concierne, la Regla 11.1 lee como sigue:

> Una alegación contendrá por vía de reconvención cualquier reclamación que la parte que la formula tenga contra cualquier parte adversa al momento de notificar dicha alegación, siempre que surja del acto, de la omisión o del evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Sin embargo, no será necesario incluir dicha reclamación mediante reconvención si al momento de comenzarse el pleito tal reclamación era ya objeto de otro pleito pendiente.[50]

### III

En el recurso ante nos, MAPFRE alega que erró el TPI al dictar una *Sentencia Parcial* desestimando la reconvención, cuando las alegaciones cumplen y exceden con todos los criterios de suficiencia, especificidad y detalle. El presente caso surgió con la presentación de una *Demanda* por incumplimiento de contrato, daños contractuales y violaciones al Código de Seguros. El Consejo alegó que MAPFRE incumplió con un contrato de seguros al subestimar

---

[47]   R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil.* 6ta ed., LexisNexis, 2017, sec. 2303, pág. 284.

[48] *Figueroa* v. *Banco de San Juan,* 108 DPR 680, 690-691 (1979).

[49] 32 LPRA Ap. V, R. 5.1.

[50] 32 LPRA Ap. V, R. 11.1.

los daños cubiertos por la póliza de seguros y por la tramitación tardía e ineficaz de la reclamación.

En lo aquí concerniente, el Consejo solicitó al TPI que desestimara la *Reconvención* presentada por MAPFRE al amparo de la Regla 10.2 (5) de las Reglas de Procedimiento Civil debido a que dejó de exponer una reclamación que justificara la concesión de un remedio.[51] El Consejo argumentó que se debía desestimar debido a que la *Reconvención* se basaba en alegaciones conclusorias y no es lo suficientemente detallada en cuanto al fraude cometido como requiere la Regla 7.2 de las Reglas de Procedimiento Civil.[52]

Acentuamos que en el caso ante nos, el TPI resolvió que no se probaron los tres (3) elementos que configuran la figura del pago en finiquito. Dicha determinación fue realizada a través de una *Resolución* emitida el 13 de diciembre de 2021, mediante la cual el foro primario denegó una solicitud de sentencia sumaria presentada por MAPFRE. Determinó, además, que existía una controversia real sobre los daños reclamados por el Consejo, los daños pagados por MAPFRE y la aceptación del pago como uno total y final de la reclamación. Además, en dicha *Resolución* el TPI concluyó que, debido a que existían controversias de hechos, no se podía pasar juicio sobre la totalidad de las cuestiones planteadas sin la celebración de un juicio en su fondo.

Respecto a la *Reconvención* presentada por MAPFRE, concluyó que partía de la premisa de que luego de indemnizar al Consejo, la reclamación es una fraudulenta, cuando lo cierto es que lo que había que determinar es si la reclamación fue conforme a derecho o si por el contrario MAPFRE actuó de mala fe durante el trámite de la reclamación. Cónsono con lo anterior mencionado, el TPI fundamentó que procedía desestimar la *Reconvención* por ser

---

[51] 32 LPRA Ap. V, R. 10.2 (5).
[52] 32 LPRA Ap. V, R. 7.2.

improcedente, ya que esta descansaba en que se realizaron pagos que finiquitaron la obligación de indemnizar que tenía MAPFRE.

Coincidimos con el foro primario en que la *Reconvención* no cumple con el estándar de plausibilidad puesto a que sus alegaciones son unas conclusorias y, además, fue presentada en total abstracción a lo resuelto mediante la *Resolución* del 13 de diciembre de 2021. Las alegaciones conclusorias sobre que el Consejo sobreestimó sus daños, sin más, no están fundamentadas en hechos bien alegados, por lo que fueron correctamente descartadas. Una demanda, o, como en este caso, una *Reconvención*, de su faz tiene que contener hechos suficientes para crear una inferencia razonable de que el demandado incurrió en la conducta que se le imputa, a base del criterio de la plausibilidad, superando así la mera especulación. El Tribunal Supremo de los Estados Unidos incorporó el estándar de plausibilidad como criterio de desestimación.[53] Este estándar exhorta a los tribunales de primera instancia a eliminar de la demanda aquellas alegaciones conclusorias que no deben presumirse como ciertas.[54] El propósito es que el foro sentenciador esté en posición de auscultar si las alegaciones bien fundamentadas establecen una reclamación plausible, "que justifique que el demandante tiene derecho a un remedio, guiado en su análisis por la experiencia y el sentido común".[55]

A raíz de ello, de incumplir con el criterio de plausibilidad, procede desestimar la demanda, o, como en este caso, la *Reconvención*, e impedir que la causa de acción prosiga bajo el supuesto de que en el descubrimiento de prueba se probarán las

---

[53] *Bell Atlantic Corp. v. Twombly*, 550 US 544, 545-546 (2007). *Ashcroft v. Iqbal*, 556 US 662, 663-664 (2009).

[54] R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., Ed. Lexis Nexis, 2017, sec. 2604, pág. 307.

[55] *Id.*

alegaciones conclusorias.[56] El requisito de plausibilidad tiene la finalidad de evitar que las partes tengan que llegar a etapas más avanzadas del proceso, principalmente a la del descubrimiento de prueba, frente alegaciones incapaces de formular y demostrar la viabilidad de un reclamo judicial que justifique el tiempo y los costos que acarea ese proceso, tanto para las partes como para el Tribunal. Por ello, corresponderá al foro judicial ante una moción de desestimación basado en este defecto, al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil[57], auscultar la plausibilidad de cada reclamo a la luz de las alegaciones formuladas y, en aquellos casos en los que haya más de una reclamación, descartar las que adolecen de hechos demostrativos que justifiquen la concesión de un remedio y permitir la continuación de los procedimientos con respecto a aquellas alegaciones que satisfagan esta exigencia.

Sabido es que las aseveraciones sobre fraude se consideran materias especiales, las cuales deben exponerse detalladamente en las alegaciones.[58] Coincidimos, además, con el foro primario en que el fraude alegado tampoco fue detallado conforme dispone la Regla 7.2 de las Reglas de Procedimiento Civil. La *Reconvención* no incluye detalle alguno sobre el alegado fraude imputado al Consejo. Ciertamente las alegaciones de fraude en la *Reconvención* fueron escuetas e insuficientes. Las alegaciones de fraude descansan en una serie de defensas sobre pago en finiquito que fueron previamente adjudicadas, siendo rechazadas por el TPI mediante su *Resolución* del 13 de diciembre de 2021, la cual constituye la ley del caso.

Es por todo lo anterior, que juzgamos que el razonamiento y determinación del foro primario cuando determinó desestimar la

---

[56] *Id.*
[57] 32 LPRA Ap. V, R. 10.2.
[58] *Carpets & Rugs v. Tropical Reps,* 175 DPR 615, 641 (2009).

reconvención presentada por MAPFRE fue el correcto. Así, las cosas, el error esbozado por MAPFRE no fue cometido, por lo que cabe confirmar la *Sentencia Parcial* apelada.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia Parcial a*pelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones